## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on June 14, 2024

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| v. | : | **MAGISTRATE NO.: 24-MJ-00365** |
| **DEANGELO JONES,** | : | **VIOLATIONS:** |
| Defendant. | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)** |
| | : | **22 D.C. Code § 404.01 and § 4502** |
| | : | **(Aggravated Assault While Armed)** |
| | : | **22 D.C. Code § 4504** |
| | : | **(Possession of a Firearm During Commission of a Crime of Violence)** |
| | : | **FORFEITURE: 18 U.S.C. § 924(d) and § 981(a)(1)(C); 21 U.S.C. § 853(a), (p); and 28 U.S.C. § 2461(c)** |

### INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about November 21, 2024, within the District of Columbia, **DEANGELO JONES**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in D.C. Superior Court Criminal Case 2022 CF2 000386, and Montgomery County, Maryland Criminal Case D-06-CR-23-007644, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 19 9mm semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about November 7, 2024, within the District of Columbia, **DEANGELO JONES**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in D.C. Superior Court Criminal Case 2022 CF2 000386, and Montgomery County, Maryland Criminal Case D-06-CR-23-007644, did unlawfully and knowingly receive and possess a firearm, that is, a firearm capable of firing 7.62x39 caliber ammunition, and did unlawfully and knowingly receive and possess ammunition, that is, 7.62x39 ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT THREE

On or about November 7, 2024, within the District of Columbia, **DEANGELO JONES**, while armed and having readily available a dangerous and deadly weapon, that is, a firearm, did by any means, knowingly and purposely cause serious bodily injury to J.H., or under circumstances manifesting extreme indifference to human life, intentionally and knowingly engaged in conduct which created a grave risk of serious bodily injury to another and thereby caused serious bodily injury to J.H.

**(Aggravated Assault While Armed**, in violation of Title 22, D.C. Code, Sections 404.01, 4502 (2001 ed.))

2

## COUNT FOUR

On or about November 7, 2024, within the District of Columbia, **DEANGELO JONES**, did possess a firearm while committing the crime of Aggravated Assault While Armed as set forth in the third count of this Indictment.

**(Possession of a Firearm During Crime of Violence**, in violation of Title 22, D.C. Code, Section 4504(b) (2001 ed.))

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Counts One, Two, Three, and/or Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to a Glock 19 9mm semi-automatic firearm, a firearm capable of firing 7.62x39 caliber ammunition, and 9mm ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:


FOREPERSON.

*[signature]*

Attorney of the United States in
and for the District of Columbia.